NEW-YORK,
May, 1829.

Langworthy
v.
Smith.

---

### LANGWORTHY and CLARK *vs.* SMITH and others.

DEMURRER to pleadings.    The declaration is in covenant
on articles of agreement between the parties, bearing date
the 20th September, 1825, by which the plaintiffs engaged
to build for the defendants a *bulk-head*, in the East river, op-
posite the city of New-York, on property belonging to the
defendants, in a certain manner; 1000 or 1200 feet to be
completed by the 1st February, 1826, and the residue, if
dock logs could be procured, by the 1st August, 1826, un-
der a penalty of $5000.    The defendants covenanted to pay
to the plaintiffs five cents per cubical foot whenever and
as often as the work should amount to 50,000 cubical feet;
security to be given by the plaintiffs to insure the risk of the
work until the whole should be completed.    The plaintiffs,
in the first count of the declaration, aver that they construct-
ed 1000 feet of the bulk-head before the 1st February,
and would by that time have constructed the whole, could
dock logs have been procured; but they could not be had,
of which the defendants had notice; that they gave the
security required by the contract to guard against risks;
that they would have completed the whole work by the 1st
August had they been notified and required so to do; that
subsequently they were required to complete it, and by the
1st January, 1827, they did build and complete the whole

A *parol* en-
largement of
the time set in
a *sealed* instru-
ment for the
performance of
covenants is
good ;    but
where there is
such enlarge-
ment of a con-
dition prece-
dent, the party
loses his rem-
edy upon the
covenant it-
self, and must
seek it upon
the agreement
enlarging the
time of per-
formance.

according to the terms of the contract; that their work amounted to $50,025; that the defendants accepted it and paid them $30,000, but refused to pay the residue, and so, &c. In the *second* count of the declaration, it is averred that the plaintiffs completed 50,000 cubical feet of the work by the 19th November, 1825; that the defendants refused to pay them therefor, whereby the plaintiffs were unable for one year to go on with the work for want of funds; and so proceeds, stating the completion of various portions of the work from time to time, and refusals on the part of the defendants from time to time to pay, and the delays occasioned thereby. In the *third* count, it is averred that the plaintiffs completed 1200 feet of the bulk-head by the 1st February, 1826, and would have completed the whole, but that dock logs could not be procured, of which the defendants had notice; and that on the 1st August, 1826, the time for the completion of the work was, at the request of the defendants and by the assent of the plaintiffs, *waived and enlarged for a long space of time;* and that within the time so enlarged the plaintiffs completed the work, and the defendants refused to pay, &c. The *fourth* count is substantially the same as the last.

The defendants pleaded *non est factum,* demurred to the first, third and fourth counts, pleaded payment to several of the breaches assigned in the second count, and demurred to the residue.

*C. H. Hall,* for defendants. The defendants were not bound to give notice of their desire to have the work completed. It was the duty of the plaintiffs to proceed according to the terms of their engagement. Nor were they under any obligation to make *pro rata* payments for *pro rata* services, unless the plaintiffs shewed a full performance on their part. The two first counts are defective in not averring performance by the time stipulated, and the two last are bad in attempting to recover on the original contract in consequence of an enlargement of the time of performance. The plaintiffs ought to have brought their action of assumpsit on the enlarged agreement. (4 *Cowen,* 564.) The case of *Littler*

v. *Holland*, (3 *T. R.* 590,) is the leading case on this sub-

ject.   The doctrine of that case has been fully adopted by
this court, who have been followed by the court of the
United States and the supreme judicial court of Massa-
chusetts.   In *Freeman* v. *Adams*, (9 *Johns. R.* 115,) the de-
cision in 3 *T. R.* is confirmed that the action will not lie on
the original agreement; that though an enlargement may be
plead by way of defence, it cannot be averred in support of
an action on the original agreement.   The case of *Butler* v.
*Roe*, (8 *Johns. R.* 306,) shews that the error of a plaintiff in
such a case is to be taken advantage of by demurrer.

   *C. Walker*, for plaintiffs.   The action of *covenant* can be
maintained, where there is a parol enlargement of time, if it
be properly set forth in the declaration, so that there be no
variance between it and the proof, and no surprise on the de-
fendant.   An extension of time of performance does not de-
stroy a contract.   (*Chitty on Contracts*, 27.   8 *Johns. R.*
306.   1 *Esp. Cas.* 35.   3 *Johns. R.* 532.)   It is not denied
such enlargement may be set up in a plea, why may it not
be averred in a declaration ?   The court, in 4 *Cowen*, say
that *assumpsit* will lie on such enlarged agreement, but they
do not say that *covenant* cannot be maintained.   The case in
3 *T. R.* is clearly distinguishable from this.   There the plain-
tiff sought to recover on the original contract without aver-
ring an enlargement.   His proof and declaration did not
agree, and the court decided against the plaintiff because the
defendant had no notice of what he was called upon to an-
swer.   The case of *Brown* v. *Goodman*, cited in 3 *T. R.* 590,
was an action of *debt*, not covenant, claiming a penalty when,
by the substituted agreement, the party was not entitled to a
penalty.

   The time for performance being enlarged at the request or
by the assent of a party, and the work accepted, it ought not
to be allowed to him to drive the opposite party to his action
of assumpsit, and confine him to a recovery on a *quantum
meruit*, when he is entitled to recover compensation accord-
ing to the terms of the contract.

*Hall*, in reply. An enlargement of a contract is allowed to be shewn in defence, to prevent resort to a court of chancery. But why support a suit on the contract when the party has his remedy otherwise ? *Chitty on Contracts* is not authority, unless supported by the cases referred to by him, especially when in opposition to the decisions of this court. The cases cited for the plaintiffs, in which a party was allowed to avail himself of an enlarged agreement, are all cases arising on the defence.

*By the Court*, SAVAGE, C. J. This cause comes before the court upon a demurrer to the several counts in the declaration. The action is founded on a contract under seal, by which the plaintiffs covenanted to erect a certain bulk head in the east river, to be completed by a certain day ; and the defendants covenanted to pay, &c. In two of the counts the plaintiffs do not even aver performance by the day mentioned. In the other two, they offer as an excuse for not performing by the day, an enlargement of the time by the defendants.

There can be no doubt that a parol enlargement of the time set in a sealed instrument for the performance of covenants is good ; but there can be as little doubt, at this day, that where there is such enlargement of a condition precedent, the plaintiff loses his remedy upon the covenant itself, and must seek it upon the agreement enlarging the time of performance. This question arose in *Jewell* v. *Schroeppel,* (4 *Cowen,* 566,) where Sutherland, J. says, " It is abundantly settled that the plaintiffs, inasmuch as they had not performed within the time stipulated by the original contract, could not recover upon the covenants contained in it. They could not, in such action, give evidence of an extension of the time." The cases referred to fully support that position. In the case of *Little* v. *Holland,* (3 *T. R.* 590,) the plaintiff declared in covenant. He was to build two houses for the defendant by a certain day ; and on the trial it appeared that the work was not done by the time, but that the time was enlarged by parol, and the work was done within the enlarged time. The judge held that this evidence did not sup-

port the allegation in the declaration, and the plaintiff was nonsuited, and the court refused a rule to shew cause why it should not be set aside. *Brown* v. *Goodman,* (3 *T. R.* 592, *n. b.*) was an action of debt on an arbitration bond, in which the time was limited for the arbitrator to make his award. The declaration stated that the time was enlarged by mutual consent, and that the award was made within the enlarged time. On demurrer, lord Kenyon said the plaintiff had no remedy on the bond; by that the defendant had bound himself to abide an award to be made within a given time, but that could never extend the penalty to an award made under a new agreement. The case of *Little* v. *Holland* was recognized as good law in *Philips* v. *Rose,* (8 *Johns. R.* 392, 3,) where the plaintiff had agreed to build an oil mill by a certain day, but built it by another day, and within the enlarged time. The court said that evidence that the contract was enlarged by parol agreement will not support the declaration. The case of *Brown* v. *Goodman* has also been recognized by this court in *Freeman* v. *Adams,* (9 *Johns. R.* 110.) That was an action on an arbitration bond, on the back of which the parties had endorsed an agreement under seal, enlarging the time for making the award, and it was made within such time. The court said that by the decision of *Brown* v. *Goodman,* an action would not lie on the bond; the party has another remedy upon the submission implied in the agreement to enlarge the time. They go on to say, that if a contract be subsequently changed, you must declare otherwise than on the contract itself; and they distinguish between cases where actions are brought upon such agreements, and those cases where the enlargement of time is presented by way of defence, as in *Fleming* v. *Gilbert,* (3 *Johns. R.* 528,) where such an enlargement was held to be a good defence. The cases cited by plaintiff's counsel are cases of that description. It follows that the parts of the declaration demurred to are bad, and the defendants are entitled to judgment upon the demurrers.