JOHN W. COX v. TITUS BENNET.

Evidence is inadmissible of a parol agreement prior to or cotemporary with a written instrument and which varies its terms.

A party to whom a condition or covenant is to be performed, may by acts, as well as words, enlarge the term of performance. And such an agreement to enlarge, is not void, because no consideration is expressed in it or otherwise proved.

On application to set aside a judgment and execution, the costs are in the discretion of the court, and where both parties are wrong, each party should pay his own costs.

The plaintiff entered up judgment against the defendant on a bond by virtue of a warrant of attorney, and issued execution

thereon, with directions to the sheriff to levy 5141 dollars 17 cents. The defendant applies to the court to set aside the judg-ment and execution on the ground, that nothing is due to the plaintiff according to the stipulation of an agreement between the plaintiff and Harris Cox of the one part and the defendant and Joseph Walton of the other part, which is sufficiently re-cited in the opinion of the court delivered by the Chief Justice.

*H. W. Green* for plaintiff.

*Saxton* for defendant.

EWING, C. J.    On the 3d day of October, 1827, Titus Ben-net and Joseph Walton, having jointly purchased certain real estate of Harris Cox, who is since dead, and John W. Cox, gave them their several bonds, with warrants to confess judg-ment for the payment of the purchase money. Bennet gave two bonds, the one for 5000 dollars in one year with interest at six per cent. and the other for the like sum in one year with in-terest at five per cent. Walton also gave two bonds of the like description. On the next day after the bonds, or under that date, Harris Cox and John W. Cox executed and delivered to Bennet and Walton an instrument of writing wherein, after a recital of the bonds, is the following clause, which as its mean-ing is to be the subject of enquiry, I state at length. "It is now amicably and mutually agreed by and between the said Harris and John W. Cox and the said Titus Bennet and Joseph Walton, that they, the said Titus Bennet and Joseph Walton, shall have the privilege of paying off the above bonds, yearly instalments of two thousand dollars of the principal of the said bonds and the interest if they shall choose so to do ; and also that they shall not be compelled to pay off and discharge the said obligations any faster than by the annual payments of two thousand dollars with the interest which shall and may be due thereon at the time of the said annual payments ; and also that they have liberty to pay off the bond which stands at six per centum per annum interest first."

On the 23d November, 1827, Bennet paid the principal and interest then due on his bond for 5000 dollars, drawing interest at six per cent. and it was delivered up and cancelled.

On the 1st February, 1828, Bennet paid 750 dollars on the

Cox *v.* Bennet.

other bond and a receipt for that amount was indorsed upon it.

On the 23d October, 1831, John W. Cox entered up judgment on this bond, by virtue of the warrant of attorney, and issued execution with direction endorsed to the sheriff to levy 5141 dollars 17 cents. Bennet has applied to have the judgment and execution set aside, insisting that according to the stipulation in the instrument, nothing was due to Cox when the judgment was signed. Cox, on the other hand, insists that it was rightfully entered, and the sum claimed was strictly due. He insists that he was entitled to receive the sum of 2000 dollars with the interest on the unpaid portion of the debt at the end of each year from the date of the bond, without regard to intermediate voluntary payments, or in other words, that notwithstanding the payments in November, 1827, and February, 1828, he was entitled to an instalment on the 3d October, 1828, and the like in the succeeding years; and that the instrument does not, if it speaks any other language, exhibit the real understanding and true agreement of the parties. To shew these more explicitly, he has offered the affidavit of Daniel Wills, the scrivener who drew the instrument, against which the defendant, Bennet, objects, and says it cannot be listened to without a violation of the rules of evidence. The parol evidence thus offered, is to shew what the parties declared at the execution of the instrument to be their meaning. Some doubt being suggested whether it was so drawn as to be sufficiently expressive, they talked over the matter, related what their agreement was, declared they fully understood each other, and concluded it was unnecessary to draw another instrument as the matter was so well understood. If the agreement as recollected by the scrivener corresponds with the import of the writing, his testimony is useless and improper. If it materially differs, the testimony is inadmissible. There is no pretence of more than one agreement, and that agreement the parties have thought proper to commit to writing. "Where the terms of an agreement are reduced to writing, the document itself being constituted by the parties as the true and proper expositor of their admissions and intentions, is the only instrument of evidence in respect of that agreement, which, so long as it exists, the law will recognize

for the purposes of evidence." *Perrine* v. *Cheesman*, 6 *Halst.*
174. Evidence is inadmissible of a parol agreement prior to, or
cotemporary with the written instrument, and which varies its
terms." 2 *Starkie*, 1005. " To permit terms to be engrafted by
mere parol evidence upon a written agreement, would be attend-
ed with all the danger, laxity and inconvenience which the gen-
eral rule is calculated to exclude, for an agreement might by
such additional terms, be as effectually altered as if the very
terms of the agreement had been changed by the operation of
parol evidence." *Ibid.* 1007. The ingenious attempt of the
plaintiff's counsel to avoid these rules by setting up, what he
would prove by parol, as a distinct agreement subsequent to the
writing, is entirely repelled by the cross examination of the
scrivener, shewing clearly that there was but one agreement be-
tween the parties.

We are then to learn their intention from the instrument
which I have already recited. And herein I do not find any
serious difficulty or troublesome ambiguity. The bonds, ac-
cording to their conditions, were payable one year from their
date. But by this agreement fairly called contemporaneous,
Bennet and Walton were to have the privilege of paying them
off by " yearly instalments of two thousand dollars of the prin-
cipal and the interest, if they chose so to do ; " and they were
not to " be compelled to pay off and discharge the said obliga-
tions faster than by the annual payments of 2000 dollars, with the
interest which shall and may be due thereon." In the first
place, the obvious construction of this agreement is, and herein
I must entirely differ from the plaintiff's counsel, that Bennet
and Walton were to pay between them the 2000 dollars, or as
their bonds were equal and separate, each was to pay 1000 dol-
lars. On the opposite construction, if each was required to pay
2000 dollars, then the two, contrary to the stipulation, would
be made to pay 4000 dollars. In the next place, the sound con-
struction appears to me to be that annual payments of interest
were to be made on whatever sums of principal remained undis-
charged. The obligees were not to require the principal money
faster than at the rate of 2000 dollars by the year, but they
were to receive the annual payment of interest. Intermediate
payments voluntarily made, ought not to impair the rights and

Cox *v.* Bennet.

duties of the parties under the agreement.  Anticipated payments of principal only, not of interest, could be made.  Such payments alone could have been in contemplation.   If by a voluntary payment, Bennet anticipated the stipulated time, his payment could only have been of so much principal and not for interest yet unaccrued ;  or only such interest as might be due at the time of payment, and the residue towards the principal.   Requiring him to pay interest at the end of each year, on the unsatisfied principal, whatever he may have paid on account of principal, is not to compel him to pay faster than is provided for by the agreement.    Suppose he paid strictly according to the article,

| | | |
|---|---:|---:|
| On the 3d October, 1828, he would have paid one instalment, | $1000 | 00 |
| A year's interest at 6 per cent. on 5000 dolls. | 300 | 00 |
| A year's interest at 5 per cent. on 5000 dolls. | 250 | 00 |
| | 1550 | 00 |

| | | | |
|---|---:|---:|---:|
| On the 3d October, 1829, another instalment, | $1000 | | |
| Year's int't on $4000, residue of bond at 6 per cent. | 240 | | |
| Year's int't on $5000 at 5 per ct. | 250 | 1490 | 00 |
| Paid 3d October, 1829, | | $3040 | 00 |

Suppose on the other hand, he anticipated the second of these instalments, and paid it with the first.    It stands thus :

| | | | |
|---|---:|---:|---:|
| October 3, 1828, two instalments, | | 2000 | 00 |
| Year's interest on 5000 dollars at 6 per cent. | | 300 | 00 |
| Year's interest on 5000 dollars at 5 per cent. | | 250 | 00 |
| | | 2550 | 00 |
| October 3, 1829. No instalment to be required, being already paid, | | | |
| Year's interest on 3000 dollars balance of 6 per cent. bond, | 180 | | |
| Year's interest on 5000 dollars at 6 per ct. | 250 | 430 | 00 |
| Sum actually paid | | 2980 | 00 |

Cox *v.* Bennet.

It is thus demonstrated that by requiring the annual payment of interest, Bennet will not be compelled to pay faster than he has contracted to do.

Regulating our investigation by these views of the agreement, let us now ascertain the result.

On the 23d November, 1827, Bennet discharged the bond of 5000 dollars, payable at six per cent. He paid thereby five instalments of principal, or in other words, as much principal as would have extended in point of time to the 3d October, 1832. Cox has no cause of complaint then, if he receives no more principal until that time. Bennet farther paid on the 1st February, 1828, the sum of 750 dollars. At that time there was an accrual of interest for three months and twenty-nine days, at five per cent. amounting to 80 dollars 75 cents; so that the payment being first applied to the interest, there remained towards the principal, 669 dollars, 22 cents, and the principal of the bond was left to be 4330 dollars, 78 cents. This latter payment towards the principal, was consequently so much of the instalment which would have fallen due on the 3d October, 1833; leaving a balance of 330 dollars 78 cents, of that instalment to be then paid.

But the balance of principal remaining due on the 1st day of February, 1828, being 4330 dollars 78 cents, interest on that sum up to 3d October, 1828, when the interest should have been paid, at 5 per cent, is ............................ 145 55

Interest on the same balance of principal from 3d October, 1828, to 3d October, 1829, is } 216 53

Interest from 3d October, 1829, to 3d October, 1830, is } 216 53

Interest from 3d October, 1830, to 3d October, 1831, is } 216 53

_____

795 14

_____

And hereby the sum is shewn which ought to have been paid by Bennet on the 3d of October last, in order to fulfil his agreement. On the 3d of October next, he will be bound to pay the sum of 216 dollars 53 cents, and on the 3d October, 1833,

the farther sums of 330 dollars 78 cents, the balance of the instalment then due, and 216 dollars 53 cents, for one year's interest on the whole, and there will then remain 4000 dollars of the principal to be afterwards extinguished with its accruing interest.

On these principles and by this mode of adjustment, Bennet will be compelled to pay no faster than the agreement stipulates; and on the other hand he will gain no undue advantage by the payments voluntarily made and received for the mutual convenience of the parties in anticipation of the times specified by their contract.

The position taken by the counsel of the defendant, that inasmuch as he had paid portions of the principal sooner than the stipulated times, he ought to be allowed an interest on the excess over the instalments, until the time they became respectively due, is wholly inadmissible.    Interest was to accrue on' the principal, and hence no rebate for prompt payment can be demanded.    Great injustice would be imposed on Cox by such a mode of adjustment, as will be plainly seen by supposing that Bennet had paid in one day after the agreement the whole debt, for he would then by such a charge for interest have been entitled to deduct a portion of the principal.

Two positions which were maintained by the plaintiff's counsel on the argument, require to be noticed.    First, that the agreement was void because no consideration was expressed in it or otherwise proved.    I can find no authority to support this position.    The party to whom a condition or covenant is to be performed, may by acts, as well as words, enlarge the time of performance.    No more full consideration was proved in *Fleming* v. *Gilbert*, 3 *John*, 528, where the time of the performance of the condition of a bond was enlarged by a parol agreement. *Langworthy* v. *Smith*, 2 *Wendell*, 587.    2d.    The stipulated sum not having been paid at the day, the agreement, it is said, was at an end, and Cox was entitled to claim the whole amount of his bond.    Such result I think, by no means follows.    He may compel the payment of what is due by the agreement, but no more.    There is nothing in the terms or nature of the agreement which renders it in such event, void.

From the view I have taken of the subject, it appears to me,

.as already shewn, there were 795 dollars 14 cents due to Cox, when the judgment was signed. Although this may have been for interest only, the judgment was regular, for it may be entered up for default of the payment of interest, where interest has become payable, although the day of payment of the principal .may not have arrived. *Warwick* v. *Matlack*, 2 *Halst.* 165, is .to this point. The case is correctly reported. There was no .clause in the bond, in that case, as the counsel of Bennet supposed, making the principal due on default of the interest.

Inasmuch as there was a sum due to Cox when the judgment was entered, the motion to set it aside cannot prevail. The indorsement on the execution should be properly corrected. The .costs of this application are in the discretion of the court, and .as both parties are wrong, the defendant having by his rule to shew cause sought for more than he was entitled to, each party .should pay his own costs.

Let the indorsement be corrected without costs.

CITED in *Stryker* v. *Vanderbilt*, 1 *Dutch.* 495-505 ; *Vanhouten* v. *McCarthy*, 3 *Gr. Ch. R.* 148 ; *Leigh* v. *Savidge*, 1 *McCarter*, 130 ; *Tompkins* v. *Tompkins*, 6 *C. E. Green*, 339.