## M'VOY *vs* WHEELER et al.

1. Covenant can only be maintained upon a writing under seal, and if a contract be unattested by a seal, or is underwritten: the action by which redress can be had for a non-performance; is debt, or assumpsit, according to the subject matter: Therefore—

2. Where a contract under seal, is materially varied, by a subsequent parol agreement, covenant on the contract will not lie,—the remedy must be on the subsequent agreement.

3. If new terms be introduced into a contract, under seal—other duties imposed, or another day provided for its consummation, an action will not lie for a breach of its stipulations.

Error from the Circuit court of Mobile county.

Action of covenant. Plaintiffs declared against defendant, in a plea of covenant broken: for that, whereas, on a day certain, by an indenture made between the plaintiffs of the one part, and the defendant of the other part, (which indenture, sealed with the seals of the said parties, the plaintiffs brought into court,) the said plaintiffs, in consideration of a large sum of money, to be paid as thereinafter mentioned, agreed with defendant, that James Wheeler and Levi C. M'-Cormick, should, within the space of five months, from the first day of April then next, erect and build two three-story brick buildings, to be located at the corner of Dauphin and St. Joseph streets, in the city of Mobile, according to a plan drawn by Thomas Ellison, (which the plaintiffs brought into court)—the said buildings to be completed according to a certain description of dimensions, by specifications, and of materials, therein particularly set forth : the said build-

6p      26

ings to be twenty-four feet each, upon Dauphin-street, and in depth ninety-six feet, the galleries, kitchen, and alleys included. The first story to be calculated for stores, and the second for family residences; but the third story to have no other inside work done, after being enclosed, and floors and washboards laid. The whole of the work to be of materials as described particularly in said indenture, of good quality, and in suitable condition, and to be executed in a faithful and workman-like manner, and in honorable and full conformity with the said stipulations. In consideration whereof, the defendant covenanted and promised to and with the plaintiffs, well and truly to pay or cause to be paid, to the said Wheeler and M'Cormick, the sum of eight thousand and six hundred dollars, in the manner and at the periods following, to wit: two thousand dollars, on putting up the joists of the second floor; two thousand, as soon as the buildings should be covered; and two thousand and three hundred as soon as the buildings should be completed, according to the stipulations; and two thousand and three hundred dollars, at the time last mentioned, to be paid by good indorsed notes, such as could be discounted, made payable at four months,—for the true and full performance of which several covenants and agreements, the parties of the first part, bound themselves by the said indenture to the said party of the second part—and the said party of the second part, bound himself, unto the said party of the first part, in the penal sum of twenty thousand dollars.

And plaintiffs, in fact said, that said Wheeler and M'Cormick did build and finish the said two three-story brick buildings at the place described, according to the drawing and plan by the specifications, of the dimensions, and of the materials set forth in the indenture, (except as would be thereinafter mentioned,) the whole work being of materials of good quali-

ty, and suitable condition, executed in a faithful work-man-like manner, and in full conformity with the said stipulations.   But at divers times, previous to the first day of September, eighteen hundred and thirty-five, the said Wheeler and M'Cormick, did, at the special request of the said defendant, make divers alterations in the said plan, to wit, in the hangings of the win-dows, in paving the kitchens, in the making of extra windows, and of fan-sashes, for doors, and other alte-rations and deviations from said indenture.   And the said defendant did, after the said first day of Septem-ber, order the lower story of the said buildings to be finished for the purpose of a public house, closets to be made, the windows of the third stories to be cased, and the apartments thereof to be finished, lathed and plastered, together with other improvements not pro-vided for by the said indenture,—all of which the said Wheeler and M'Cormick performed.

And the plaintiffs averred, that the said Wheeler and M'Cormick did complete said buildings, (includ-ing the additions aforesaid,) in faithful and substantial compliance with the stipulations of said indenture, as soon as they could be completed, after the said first day of September, to wit, on or before the first day of December, thereafter; and the defendant received them, and was then, and had been, for a long time, in the full possession and enjoyment of them, and of the rents and profits arising therefrom.   Yet defendant had not paid said last mentioned sum of twenty-three hundred dollars, last above mentioned.

Defendant craved oyer of the said supposed cove-nant, and it was read to him, and he demurred to the declaration generally, &c.

And afterwards defendant came and craved oyer of the covenant, and it was read to him, and he plead that plaintiffs ought not to have or maintain their ac-tion, because, he said—

First. That he had well and truly performed the

covenants to be by him performed, and had paid the several sums of money claimed, which he was ready to verify.

Second. That the plaintiffs did not complete the buildings in the covenant set forth, on the said first day of September, eighteen hundred and thirty-five, as in the covenant set forth,—which he was also ready to verify.

Third. That the time of the performance of the said contract was not enlarged, nor the plan thereof varied, by said defendant, or by his consent, nor any variations or alterations made or assented to by the said defendant, as the plaintiffs had alleged—and that he was ready to verify.

Fourth. That, before the commencement of the suit, to wit, on a certain day, defendant paid to plaintiffs, twenty-three hundred dollars, above demanded; and of that he put himself upon the country.

Whereupon plaintiffs came and said, that to the first three pleas of defendant, they demurred generally, and as to the fourth and last plea of defendant, they joined issue, &c.

And afterwards, to wit, at June term, eighteen hundred and thirty-six, came the parties, and the demurrer of said defendant, to the plaintiffs' declaration being understood by the court, it was considered by the court, that the demurrer should be overruled. Thereupon defendant pleaded over, and the demurrer of plaintiffs to the first three pleas of defendant being understood, it was considered by the court, that they should be sustained; and a jury of good and lawful men having been elected, &c. to try the issue joined on the fourth plea of defendant, on their oaths, said they found for the plaintiffs.—It was therefore, considered by the court, that the plaintiffs should recover from the defendant, the sum assessed by the jury, and also their costs, by them in that behalf expended, &c.

From this judgment there was a writ of error ta-

ken, returnable to this court, and at this present term, plaintiff in error assigned for error, the overruling of the demurrer and the matters contained in the bill of exceptions.

The bill of exceptions stated, that on the trial of the cause, plaintiffs having admitted the payment of all the moneys which were to have been made in cash, the defendant moved the court to exclude all the testimony going to shew, that the notes specified in the covenant to be delivered, had not been delivered, or payment made in notes,—which motion the court overruled, and admitted testimony, going to shew that the notes had not been delivered; to all of which the defendant accepted, &c.

*Campbell*, for plaintiff in error.
*Thornton*, contra.

COLLIER, C. J.—Several questions were raised in the Circuit court, upon the demurrers to the declaration and pleas, which were so disposed of, as to make it necessary for an issue of fact to be tried by the jury, who found a verdict for the plaintiffs, on which judgment was rendered. At the trial, a bill of exceptions was taken by the defendant below, who prosecutes a writ of error to this court, and assigns the judgment on the demurrers, and the decision of the court excepted to, as causes for reversal.

We shall only consider the sufficiency of the declaration, which presents the question, whether an action of covenant will lie upon an agreement under seal, (to perform certain work,) which has been modified, or the time of performance enlarged by parol.

Covenant can only be maintained upon a writing under seal. If a contract be unattested by a seal, or, is unwritten, the action by which redress can be had, for a non-performance, is debt or assumpsit, or either, according to the subject matter. If new tern s

are introduced into a contract, other duties imposed, or another day provided for its consummation, it is clear, that the original contract does not remain unimpaired, so that an action would lie for a breach of its stipulations.—If then, no action could be maintained upon the original contract, when thus modified, we think it follows, that the present action is misconceived. For though the modifications, are set out in the declaration, yet they are to be shewn by *parol*, and can not, according to the premises, we have assumed, be made the basis, either in whole or in part of an action of covenant.

The case of *Littler vs Holland*,\* was an action of covenant, upon an agreement under seal, to build two houses by a certain day. It appeared on the trial, that the time of performance was enlarged by parol, and that the houses were built within the enlarged time. This evidence, it was held, did not support the allegation in the declaration, and the plaintiff was non-suited.

So, in *Brown vs Miller*,† an action of debt was brought on a bond to submit to arbitration. The condition limited the time for the arbitrator to make his award. The declaration alleged that the time was enlarged by mutual consent, and that the award was made within that time. On demurrer, it was determined, that the remedy on the bond was gone, by the failure to make the award within the time contemplated by its condition. To the same effect, also, is the case of *Freeman vs Adams*.‡

In *Philips et al. vs Rose*,§ the plaintiff agreed to build an oil-mill within a prescribed time, which was enlarged by parol, and the work completed within the enlarged time.—The court held that evidence of the

---

\*3 Term Rep. 590.        ‡ 9 Johns. Rep. 115.
†3  "    "  590.          § 8  "    "  392.

enlargement would not support the declaration. And in *Jewell et al. vs. Schroeppel*,* the court consider the law as settled, "that the plaintiffs, inasmuch as they had not performed, within the time stipulated, by the original contract, could not recover upon the covenants contained in it. They could not, in such an action, give evidence of an extension of the time.".

In *Langworthy vs Smith*,† the Supreme court of New York re-affirm the previous decisions of that court, on the point, and consider it as beyond doubt, that a parol agreement to enlarge the time for the performance of covenants, is good; and that by an enlargement, the remedy upon the covenant itself, is lost, and must be sought upon the agreement enlarging the time of the performance.

In the case at bar, the declaration shows, that the contract was so materially varied, and the labor of the defendants so greatly increased, that they could not perform it until several months after the expiration of the day therefor appointed. It will, therefore follow, that the action cannot be maintained, and that the plaintiffs must resort to their remedy upon the parol agreement; making the covenant, so far as material, inducement to the action.

The judgment is reversed.

---

* 4 Cowen, 565.                    † 2 Wend. 587.