[Chancellor Pennington was appointed in October, 1837. The opinions delivered by him between the close of chancellor Dickerson's term and the present time, viz. from January term, 1838, to October term, 1841, inclusive, are reported ante, volume first.]

## Albert Vanhouten v. John McCarty and others.

If the purchaser of real estate gives to the vendor a mortgage for part of the purchase money, and then sells the equity of redemption in the mortgaged premises ; upon a bill filed to foreclose the equity of redemption against the present owner, a court of equity will not enforce the specific performance of an agreement made by the mortgagee with an intermediate owner, nor permit the defendant to set off the damages sustained by the present owner by reason of the breach of such agreement, against the amount due on the mortgage.

The time specified for the payment of a bond may be enlarged by parol.

THE bill in this cause, filed on the twenty-ninth day of December, eighteen hundred and thirty-eight, is for the foreclo-

sure of a mortgage, given by John McCarty and wife to the complainant, bearing date on the twenty-seventh day of April, eighteen hundred and thirty-six, to secure the payment of a bond of even date, given by the said McCarty to the complainant, conditioned for the payment of ten thousand eight hundred and twenty-two dollars and fifty cents, as follows : one thousand dollars on the twenty-ninth day of September then next ; two thousand dollars on the first day of May, eighteen hundred and thirty-seven, and the residue on the first day of May, eighteen and thirty-eight, with lawful interest for the same, from the first day of May next after the date of the said bond, payable semi-annually, on the first days of November and May, in each year, until the whole principal is paid.

The bill states, that interest had been paid unto the first day of April, eighteen hundred and thirty-eight, but that the whole of the principal, with interest from that date, remains due.

The bill further states, that John McCarty and wife, the mortgagors, by deed dated the twenty-seventh day of April, eighteen hundred and thirty-six, conveyed the mortgaged premises unto John Kirk, George Johnston and John Copland ; that Kirk, Johnston and Copland, by deed dated the twenty-fourth day of September, eighteen hundred and thirty-six, conveyed to Edward N. Rogers and John A. Stimler ; that Rogers and Stimler, by deed dated the ninth day of December, eighteen hundred and thirty-six, conveyed to Archibald G. Rogers, upon certain trusts.

That as complainant has been informed and believes, the said Edward N. Rogers and John A. Stimler have an interest in said premises, as *cestui que trusts* ; and that the said Archibald G. Rogers and Edward N. Rogers, by deed dated the seventh day of February, eighteen hundred and thirty-eight, conveyed all their right, title and interest in the mortgaged premises to Nehemiah Rogers.

The bill further states, that the possession of the said mortgaged premises have never been required or demanded from the complainant by the said McCarty, or by either of the subsequent

[Vanhouten v. McCarty et al.]

grantees; and that it was agreed between the complainant and McCarty, that complainant should retain possession, without being liable for any rent, until the principal sum secured by the mortgage should be paid.

That by virtue of said agreement, complainant has continued in possession of the mortgaged premises, and has given time to McCarty and his assigns for the payment of the principal, beyond the period mentioned in the condition of the bond, and that interest has been paid to complainant, up to the first day of April last, without any demand made of him for rent by way of setoff or otherwise.

A decree *pro confesso* was taken against all the defendants, except Archibald G. Rogers and Nehemiah Rogers, by whom separate answers were filed.

The answers admit the bond and mortgage, but set up by way of defence several matters, which, so far as is material to an understanding of the case, are specified in the opinion of the chancellor.

The cause having been put at issue, depositions were taken, and the cause came on for hearing upon the pleadings and proofs.

*E. B. D. Ogden,* for complainants.

*Archibald G. Rogers* and *A. S. Pennington,* for defendants.

Cases citeed by complainants' counsel. 3 *T. R.* 393; 1 *H. Black,* 562; 1 *Ves. and B.* 524; 1 *John. Chan.* 343; 1 *Brown's C. R.* 92; *Saxton,* 393, 328; 3 *Cond. Eng. Chan. R.* 318; 5 *Cowen,* 497; 2 *Brown's P. C.* 134, 136; 1 *John. Chan.* 213; 3 *Mer.* 247; *Atkinson on Titles,* 45, 50; *Saxton,* 17, 282; *Rev. Laws,* 151, *sec.* 10; *Comyn on Con.* 67.

Cases cited on the part of the defendants. 3 *Marshall,* 419; 2 *Root,* 37; 3 *Hals.* 233; 19 *John.* 294; 14 *John.* 435; 2 *Sch.*

[Vanhouten v. McCarty et al.]

and, *Lef.* 214,.661 ; 1 *Ibid*, 165, 182 ; *Kelley on Usury*, 111 ; 11 *John*, 538 ; 18 *John.* 110 ; 19 *John*, 325 ; 1 *Hals.* 471 ; 5 *Cowen*, 202 ; 1 *John.* 691 ; 3 *John..*528 ; 2 *Wend*, 587 ; 1 *Green*, 165 ; 1 *John. Cas.* 23 ; *Chitty on. Con.* 27 ; 14 *John.* 330 ; 13 *Vesey*, 456 ; 3 *Cowen*, 445 ; 2 *Dess.* 582 ; *Cro. Eliz.* 20 ; 3 *Vesey*, 38, *note* ; 9 *Vesey*, 249 ; 6 *Vesey*, 537 ; 13 *Vesey*, 456 ; 1 *Comyn on Con.* 80 ; 1 *Brown's C. R.* 269 ; 2 *Burr.* 978 ; 12 *John.* 451 ; 2 *Ball and. B.* 348 ; 1 *Cox*, 258 ; 1 *Swans*, 172 ; 9 *Vesey,* 608 ; 3 *Cowen*, 445 ; 1 *Cowen*, 713 ; 1 *Binney*, 218 ; 1 *Rand.* 165 ; 14 *John.* 15.

THE, CHANCELLOR. In eighteen hundred and thirty-six, during the rage for speculation in real estate, the complainant sold his farm, in the neighborhood of Paterson, to the defendant, John McCarty, for thirteen thousand dollars ; the conveyance was made, on the twenty-seventh of April, eighteen hundred and thirty-six, and to secure so much of the consideration money, the defendant executed to the complainant a bond and mortgage, in the same day, for ten thousand eight hundred and twenty-two dollars and fifty cents, on the premises, payable in the following manner: one thousand dollars on the twenty-ninth of September, then next ; two thousand dollars on the first of May, eighteen hundred and thirty-seven, and the residue on the first of May, eighteen hundred and thirty-eight, with interest from the first of May next after the date of the bond, payable on the first days of November and May in each year.

On the same day that McCarty got his deed, he conveyed the property to Kirk, Johnston and Copland, and they under an agreement made by McCarty with Edward N. Rogers and John A. Stimler, for a large advance, conveyed the property to them, by deed dated the twenty-fourth of September, eighteen hundred and thirty-six.

Since the last deed, Edward N. Rogers and John A. Stimler have conveyed to Archibald G. Rogers, who has also conveyed to Nehemiah Rogers, in whom the equity of redemption now resides.

[Vanhouten v. McCarty et al.]

The bill is filed for the foreclosure and sale of these premises, under the mortgage made by McCarty to the complainant.

A decree *pro confesso* was taken against McCarty and wife, Edward N. Rogers and Stimler.

Archibald Rogers and Nehemiah Rogers have filed separate answers, upon which the cause has been put at issue, and depositions taken.

The first ground of defence set up, is that the transaction is usurious, and the bond and mortgage therefore void. It is not pretended that the first contract, made by the complainant with McCarty, was thus tainted, but Eugene McCarty, a son of John McCarty, is brought as a witness, who testifies that in the spring of eighteen hundred and thirty-six, between the time of executing the agreement by his father with the complainant, and the time of consummating it by giving the deed and taking the bond and mortgage, he went with his father to the complainant's, about dark, and his father went in and called the complainant out, and told him he could do nothing with the property, unless he would give him five years to pay the money; and complainant agreed to do so, provided he was paid two or three thousand dollars before the bond was given, if he could remain on the land free of rent, during the period the payment had to run. The witness says he stood outside the yard, close to the fence; that complainant and his father came up to him while the conversation on this subject was going on between them, and after hearing this, he stepped aside, leaving them still in conversation. The usury consists in the agreement, by which the complainant, for enlarging the time of payment, stipulated not only for his regular interest, but in addition for the possession of the premises.

Without entering into the question, how far, under the peculiar circumstances of this case, the complainant's remaining in possession free of rent, would make the transaction usurious, it appears to me dangerous ground, to defeat an agreement already reduced to writing, under the hands and seals of the parties, by so loose a conversation as this. The witness does not appear to

have heard either the commencement or the close of it, and cannot, therefore, be relied on for the whole story.   But it is a sufficient answer to this evidence, that if it be all true as stated, that these parties did, at the time referred to, agree to this arrangement, certain it is that it was no part of the original agreement, entered into in writing, on the twenty-fifth of February, eighteen hundred and thirty-six, for the sale of the farm; nor was it carried out at the time the deed was given and the bond and mortgage executed, on the twenty-seventh of April, eighteen hundred and thirty-six,   The papers are executed according to the terms of the written agreement; the terms for payment are not fixed at five years, but in the manner called for by the original contract; nor is there any stipulation whatever made for the possession; the original agreement is the one carried into effect between the parties, and not the one referred to by the witness.   I am, therefore, clearly of opinion, that the evidence fails to establish a case of usury, and that it can constitute no defence against this bond and mortgage.

The next point taken, arises from the object the purchasers had in buying this property.   They intended to set it off in building lots, and Edward N. Rogers, who had agreed in his purchase with McCarty, for five years for the payment of the money, after getting his deed, learned for the first time, from the complainant, that the bond and mortgage were payable at an earlier day; he expressed his surprise, and told the complainant that he should look to McCarty and those concerned with him, to make good their agreement; when the complainant told the witness that he did not believe there would be any difficulty, as his great object was to get his interest; that the witness thereupon told complainant he would think over the subject and make him a proposition.   The witness then says, that the same afternoon he called on the complainant, and told him he would make this agreement with him—that if he would extend the time of payment of the bond five years from the twenty-seventh of April ensuing its date, making six years in all, and release the lots that deponent and Stimler should sell, from the

[Vanhouten v. McCarty et al.]

lien of the mortgage, (provided such release did not exceed one fourth of the property,) on his being paid for the property thus released, or having the bonds and mortgages given for their purchase money assigned to him, that complainant might retain the possession of the residue of the farm free of rent, and that no claim would be made for rent for the time he had already occupied it. This proposition, he says, was agreed to by the complainant.

The evidence then proceeds to show that the complainant is guilty of a breach of this agreement; and it is insisted by the answer, that the defendant, Nehemiah Rogers, is entitled, before the complainant can have his decree in this cause, to a specific performance of the complainant's agreement to release lots as they should be sold on the premises, or to have his damages for such breach of his agreement, set off against the amount of the bond and mortgage.

This is taking a wide range, and involving in a case of foreclosure of a mortgage, a great variety of matters and endless litigation. If this defence should be sustained, I see no limit on a bill of foreclosure, to settling before decree every agreement and controversy respecting the land between the complainant and all the intermediate owners down to and including the present, and that too, whether the mortgage has any connection with them or not. This agreement is not made with the mortgagor, but with Edward N. Rogers, an intermediate owner, and is declared to have been entered into long after the mortgage was made, and for purposes connected with the property, growing out of the manner in which sales were proposed to be made. The defendant must, in my opinion, be left on this agreement, to his remedy at law. The complainant is able to refund in damages, as it is stated, for any amount in which he may be justly chargeable, and there is no safe mode in this court, of settling questions of this character; it is properly a case for a jury to assess the damages, and not for investigation before this court. The evidence would lead me to believe that the complainant has not regarded, as he should have done, the position

of men who had purchased property at so expensive a rate, and who had no way of remunerating themselves but by selling off lots; still, I do not see how the defendant can avail himself of such a defence in this action. Can this court decree a specific performance against the complainant of his agreement, in this action? There is no precedent for such a course of practice, and to attempt to settle the damages incident to a breach of such an agreement, would be equally against the course of procedure. I am, therefore, of opinion, that this defence cannot avail the defendant in this action.

The last objection is, that the time of payment for the principal was extended by the complainant, for five years from the twenty-seventh of April, eighteen hundred and thirty-seven, and, the bond and mortgage will of course not be due until the twenty-seventh of April, eighteen hundred and forty-two. This is clearly established, from the evidence, and the defendant is entitled to this time, before payment can be demanded. Edward N. Rogers expressly so swears, and the whole evidence, as well as the statement in the complainant's bill, go to show such an understanding. It is well settled, that the time for payment may be extended by parol: *Chitty on Contracts,* 27, *in note*; 1 *John. Cases,* 23; 3 *John.* 528; 2 *Wendell,* 587; 14 *John.* 330; 1 *Green,* 165; *Saxton,* 280.

There must, therefore, be a reference to a master, to ascertain and report the amount due the complainant for interest on the bond and mortgage, after deducting a fair compensation for the use and occupation of the farm; and also, whether a part of the premises can be sold without material injury to the rest. The justice of this case, as far as I am able to reach it in this suit, as it appears to me, is, to consider the time of payment for the principal of the bond enlarged to the twenty-seventh of April next, leaving the interest payable half yearly. The contract made for complainant's enjoying the possession free of rent, is part of the one for releasing a portion of the lands, subsequently made with Mr. Rogers, and must be settled with that.

Decree accordingly, and reference to a master.