# REPORTS

OF

## CASES ARGUED AND DETERMINED,

### JUNE TERM, 1844.

---

### BARELLI & MARTIN v. O'CONNER.

1. The rescission of a contract, under seal, cannot be given in evidence under the plea of accord and satisfaction; nor can the acceptance of rent from another as tenant, avoid a lease, unless the fact be pleaded specially.

WRIT of error to the County Court of Mobile county.

Covenant by O'Conner against Barelli and Martin, upon a lease; by the covenants of which, they bound themselves to pay rent on a day certain. They pleaded—1. That they never were possessed of the demised premises.  2. Accord with satisfaction, in this, that the defendants, before the commencement of the action, paid to the plaintiff 175 dollars, in full satisfaction and discharge of the said sum of —— dollars, in the breach of covenant mentioned, which the plaintiff accepted in full satisfaction and discharge of the said sum of —— dollars, in said breach of covenant mentioned.

The plaintiff had judgment upon a verdict; but at the trial, the proof, on his part, was the lease, by which the defendants agreed to pay him 350 dollars for the rent of certain premises for 10 months, at the rate of 33 1-3 dollars fer each month, payable monthly.  Martin was principal, and Barelli only security, in the lease.

The defendant then offered a witness in support of his plea. This witness stated that he occupied the house, &c., mentioned

78

in the lease, during the months of April and May, 1841, (a portion of the time covered by the lease); that he obtained possession from Martin, but paid the plaintiff on the 11th May 25 dollars, in full of one month's rent to the 1st May, for which the plaintiff gave him a receipt, which was produced, and which stated that the house was held by the witness of the plaintiff. The defendant then offered to prove by the same witness, that Martin was no longer the plaintiff's tenant, by reason that the contract between the parties had been rescinded. The plaintiff objected to this question, on the ground that the evidence of the rescission of a contract under seal, before a breach thereof, must be in writing under seal, and not by parol; and that such evidence would be irrelevant to the issue.

The court sustained the objection, and ruled, that the witness should not make a statement of any remarks made to him by the plaintiff in relation to the rescission of the contract expressed in the lease.

The defendants then requested the court to charge the jury, that if, from the receipt given to the witness for rent, they should be satisfied that the plaintiff had acknowledged him as his tenant, they would be authorized to infer that the plaintiff had taken charge and possession of the premises from Martin, and must find for the defendant. This was refused, and the jury instructed, that they could look to the receipt for no other purpose than as evidence of the payment of money.

The exclusion of the parol evidence and the charge of the court are now assigned as error.

STEWART, for the plaintiff in error, cited 9 Pick. 298; 14 John. 330; 3 Cowan and Hill's Notes, 1479.

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—The objection to the evidence offered by the defendant, was of a twofold nature: 1st, It was alleged to be incompetent; 2d, It was said to be irrelevant to the issue. The rule of the ancient common law, in Blake's case, [6 Coke 43,] is said to have been, that a contract under seal could not be discharged by one by parol; but at the present day, the proposition is by no means true as a general rule. It has frequently been

held, that a contract under seal will be considered as abandoned and discharged by a subsequent *executed* parol contract. [Monroe v. Perkins, 9 Pick. 298; Le Fevre v. Le Fevre, 4 S. & R. 241; Crisgum v. Nicholson, 1 H. & M. 435, and other cases cited; 3 Cowan & Hill's notes, 1479.] In our own court, the same doctrine has been, at least impliedly, recognized by the case of McVoy v. Wheeler, [6 Port. 201,] where we considered a declaration in covenant as bad which alleged a subsequent executed parol contract for its modification; and, also, that the plaintiff might have his remedy on the new contract. To the same effect is Langworthy v. Smith, [2 Wend. 587.]

Perhaps it will appear, whenever it shall be necessary to consider this question as the turning point of a decision, that the true matter of distinction is not whether one contract or the other is under seal, but whether the last one is sustained by a valid consideration. In the present case, therefore, if the defendant's pleas had presented the proper issues, we should not hesitate to hold that the covenants, binding them in the lease, might be discharged by a subsequent valid parol agreement, although it was made before any actual breach of the covenants.

But the plea in this case is, accord and satisfaction of the breaches of covenant declared for, and we cannot well see how evidence of a discharge of the covenants, or the substitution of a new contract between these parties can be given in evidence under the plea. To permit such a practice, would be a departure from well settled rules of pleading and evidence. The same remarks may properly be applied to the refusal of the court to give the charge requested.

It is very possible that the security of the lessor, for his payment of the rent, or for any other breach of the lessee's covenants, would be a virtual abandonment of his action of covenant for rent; but the refusal of the charge is amply sustained by the fact, that there was no issue between the parties under which such evidence was proper or admissible.

Judgment affirmed.