## SORRELL v. CRAIG, ADM'R.

1. A plea to an action of covenant, that since it was made, so much thereof as required the defendant to deliver 1,300 bushels corn, 20,000 lbs. fodder, six horses, 75 head of hogs, and 25 head of cattle, was waived by a subsequent contract between said defendant and said testator, in his lifetime, so that said defendant was not bound to deliver said horses, cattle, oxen and hogs, as may happen to die or be lost, without any neglect of defendant, before the day appointed for their delivery; and defendant avers that a large number of said horses, cattle, and oxen, did die, or were lost, without his default, before the time appointed for their delivery, &c., is bad, because an executory parol contract, cannot be pleaded in bar of an action upon a sealed instrument. And also, because of uncertainty, in not alledging how many of the horses, &c. had died, or were lost.

2. A will by which a testator charged his children with the debts they owed him as a part of their portion, except one child, whose debts were not men-

tioned, does not raise the presumption that such debts were released, the evidences thereof being retained by him uncancelled.

3. When a certain time is fixed for the delivery of ponderous articles, no demand is necessary to put the defendant in default, though he may defend himself against the action, by proving his readiness on the day.

Error to the Circuit Court of Dallas.

Covenant broken by the defendant in error, against the plaintiff, upon a covenant executed by the defendant, with the testator of the plaintiff, for the lease of certain lands, and the delivery, on the 1st January, 1841, of certain articles therein mentioned.

The defendant pleaded several pleas of performance, upon which issues were taken, and also several special pleas, which were demurred to, the fourth being in substance as follows: That since the execution of the deed, in the plaintiff's declaration mentioned, so much of the covenants in said deed, as required the defendant to deliver 1300 bushels of corn, 20,000 lbs. of fodder, six horses, 75 head of stock hogs, and 25 head of cattle, was waived by a subsequent contract, between said defendant and testator, in his life-time, so that the said defendant was not bound to deliver said horses, cattle, oxen and hogs, which may happen to die or be lost, without any neglect of defendant, before the day appointed for the delivery, and defendant avers that a large number of said horses, cattle and oxen did die, or were lost, without the fault or neglect of the defendant, before the time appointed for their delivery, &c. To this plea the plaintiff demurred, and the Court sustained the demurrer.

The defendant also pleaded, severally, a tender of the articles to the testator, in his life-time, and to the plaintiff, upon which issues were taken.

From a bill of exceptions, it appears that the defendant offered in evidence, the will of the testator, made after the period had elapsed for the delivery of the articles mentioned in the covenant, for the purpose of proving that the testator had charged several of his sons and sons-in-law, with certain amounts which they owed him, giving to each of his sons, and sons-in-law, equal portions of his estate, and deducting such indebtedness from the portion of such indebted son, or son-in-law. That this was done in relation to several of the legatees, but not in relation to the de-

fendant, of whose indebtedness nothing was said in the will—but on motion of the plaintiff, the will was excluded from the jury, to which the defendant excepted. There was no evidence of any demand by the testator in his life-time, or his executor since his death, of any of the articles sued for, and the defendant asked the Court to charge the jury, that to enable the plaintiff to recover, proof of such demand, or something equivalent was necessary, but the evidence showing that said articles were to be delivered on a certain specific day, and with reference to the state of the pleadings, the charge was refused by the Court, and the defendant excepted. The Court charged the jury, that under the pleadings, it devolved on the defendant to prove that he had delivered the articles, unless it otherwise appeared in the cause; to all which the plaintiff excepted.

He now assigns for error, the judgment on the demurrer to the plea, and the matters set forth in the bill of exceptions.

EVANS, for the plaintiff in error, cited 1 Starkie's Ev. 418,623; 32 Eng. Com. Law, 737; 3 Ala. Rep. 16,371.

EDWARDS, contra, cited 5 Ala. Rep. 245; Minor, 411; 1 Stewart, 524; 3 Litt. 199.

ORMOND, J.—The plea relied on in this cause, as a bar to the action, was clearly defective. A contract under seal, may be discharged by a parol executed contract, but an executory parol contract, cannot be pleaded in bar to one under seal. [1 Chitty on Pleading, 484, and cases cited; see also Barelli v. O'Conner, 6 Ala. Rep. 617, and cases cited; and McVoy v. Wheeler, 6 Porter, 201.]

The plea is also bad for uncertainty, for want of an averment of the number of horses, cattle and hogs which died, or were lost, without fault or neglect on his part. This was a matter peculiarly within the knowledge of the defendant, and which he was thefore bound to state with precision. The allegation that a large number of the horses, cattle and oxen, died or were lost, without fault or neglect on his part, presented no point upon which issue could be taken, and the demurrer to the plea was properly sustained for this cause, as well as for the reason previously assigned.

The Court did not err in excluding the will of the father of the defendant from the jury. The inference attempted to be derived from it, was, that as the general scheme of the will, was an equal division amongst all the children, and as the testator had charged some of the children, with the debts they owed him as part of their portion, and had omitted all mention of the claim under this covenant, that it was the intention of the testator to release all claim to this demand. This inference, it appears to us was unwarranted. The general rule is, that a debt is not released by a bequest to the debtor, the evidence of the debt remaining uncancelled, but to produce that result, there must be evidence of a clear intention to release the debt. The law is thus stated by this Court in Sorrlle v. Sorrlle, 5 Ala. Rep. 248, where the question arose upon this will.

The inference therefore arising from the will, would seem to be the reverse of that for which it was introduced. At all events, no implication such as that which it was intended the jury should make, could be deduced from the mere silence of the testator, as to this debt, the evidence of which it appears remained uncancelled amongst his papers, and the will was therefore properly rejected.

There was no necessity for the plaintiff to prove, under the state of the pleadings, that he made a demand of the articles sued for, previous to bringing the suit. When a certain time, as in this case, is fixed for the delivery of ponderous articles, no demand is necessary to put the defendant in default, though he may defend himself against the action, by proving that he was ready and willing at the time and place appointed by the contract, to deliver them. [Thackston v. Edwards, 1 Stewart, 524; McMurray v. The State, 6 Ala. Rep. 326.]

No plea of a readiness to deliver was interposed. The plea of tender is not an equivalent plea, but if it was, the burthen of proving it was assumed by the defendant.

From this examination it appears, that there is no error in the record, and the judgment must be therefore affirmed.