## FOWLER v. TREWHIT, Adm'r.

1. A mother died, leaving issue a child, after which her father died intestate and then the child died; the father of the child, under the statute, inherits his childs portion of its grandfather's estate.

2. A refusal of the orphans' court to entertain a petition for a share in the distribution of an estate, connot be redressed by writ of error. The remedy is by *certiorari* to the circuit court.

Error to the Orphan's Court of Lawrence.

THIS was a petition by the plaintiff in error, for a share in the distribution of the estate of John Trewhit, deceased. The facts upon which the application was based, are, that the petioner married one of the daughters of the intestate, that she died before her father, leaving issue a child by the marriage, that then the intestate died, and afterwards the child of the petitioner, leaving neither mother, brother, or sister, or the descendants of such. The court refused to allow him any part in the distribution of the estate, consisting of land, money and slaves. From this refusal of the court, this writ is prosecuted, and is the matter now assigned as error.

W. COOPER, for the plaintiff in error.

ORMOND, J.—The statute of descents decleres, "that "where there shall be no children, or descendents, of them, or any of them, and no brothers or sisters, or descendants of them, or any of them, (the estate shall descend) to the father if he be living, *if not to the mother of the intestate*." [Clay's Dig. 168, § 2.] And this statute applies equally, whether the property be real or personal. [Ib. 191, § 1.]

By this statute, the English rule, that property cannot ascend to the parents of the deceased, but will descend in preference to remote collateral relations, has been abrogated, and the rule established, that where there are no brothers, or sisters of the deceased, or descendants of such, the father first,

and then the mother, are capable of inheriting from their child. In this case, the child of the plaintiff, upon the death of its grandfather, became one of his heirs at law, representing, in virtue of another provision of the statute, its deceased mother ; and upon the death of this child, its father, the plaintiff in error, by force of the provision of the act previously cited, inherited its portion of its grandfather's estate, and was consequently entitled to share in its distribution, and the court erred in refusing to let him in as a distributee.

But although the court erred in this refusal, it cannot be redressed in this mode. The petition of the plaintiff in error, to be admitted to a share in the distribution, was a preliminary step to any interference on his part, in the matter, and until his claim is recognized, he is a stranger to the proceeding, and cannot therefore be admitted to prosecute a writ of error. His remedy was by a *certiorari* to the circuit court, by which the order dismissing the petition would have been reversed. Upon this point, the case of Graham v. Abercrombie, 8 Ala. 556, is precisely analagous. See also, McRae v. Pegues, 4 Ala. 158.

The consequence is, this writ of error having been improvidently sued out, must be dismissed.