BARNS *against* GRAHAM.

Upon a note payable in ponderous articles, at a day certain, without specifying any place of payment, to make a tender, the promissor ought to seek the promissee before the day, and know of him where he will have the articles delivered; and then if he appoint a reasonable place, or such an one as might have been in the contemplation of the parties when they contracted, offer the articles there.

If the note be payable, either generally or at a certain place, the articles should not be tendered in bulk, mixed and undistinguishable from others of the kind; but should be separated and distinguished; so that the promisseo may know what to take.

ERROR from the Yates Common Pleas. The action below was assumpsit, by Graham against Barns, on the following note: "For value received of Orison Graham, I promise to pay him, or bearer, the sum of 127 dollars, in good merchantable lumber, and equal proportion clear stuff, in one year from the 15th day of May next, with lawful interest; as witness, &c. at Italy, this 26th day of October, 1822. N. B. Said lumber is to be of good white-pine timber." (Signed) Timothy Barns.

The defendant below offered to prove, that, when the note became due, he had at his saw-mill in Italy, where both parties lived, a sufficient quantity of lumber, of the quality described, to pay the note; but the plaintiff below did not call to demand it; and that the lumber was in bulk, and not sorted or separated from other lumber at the mill. This evidence was objected to, by the plaintiff below, and overruled by the Court, as not amounting to proof of a tender.

*P. S. Parker & A. P. Vosburgh*, for the plaintiff in error, made the following points:

1. The parties to the instrument, being both residents of the town of Italy, it was incumbent on the plaintiff below to have demanded, at the mill of Barns, the lumber stipulated to be paid, no place having been appointed in the contract for the payment.

2. As no place was appointed for the payment, or delivery of the lumber, it should have been left to the jury, whether, under *all the circumstances of the case, it was not the understanding* of the parties, at the time of making the contract, that Graham should receive the lumber at Barns' mill; and they cited Chipman on Contracts, 24, 25. *Coit* v. *Houston*, (3 John. Cas. 243.) *Slingerland* v. *Morse*, (3 John. Rep. 474,) and 2 Pothier on Obligations. Newbern, ed. 1802, part 3, page 28, article 3.

*W. M. Oliver & H. A. Wisner,* contra, contended, 1. That, as no place of payment was specified in the note, the tender should have been made at the house of the payee, or at the place of making the note, or, at least, that the maker should have called upon, and requested the payee to name a convenient place of delivery. (Chip. on Con. 26, 28. 9 John. Rep. 477. Cow. Treat. 483, and cases there cited.)

2. But, should it be thought that the maker's mill was the proper place of payment, then the lumber should have been measured, separated, and specifically designated. (8 John. Rep. 477.) The effect of a tender, when properly made, is, to pass the property in the specific articles tendered, from the debtor to the creditor, and the debtor afterwards holds them as a bailee. (Id. 15 John. Rep. 351.) If any act remains to be done to prepare the goods for delivery, the property does not pass. (Id. Cow. Treat. 479, and cases there cited.) These authorities say, that, if "any act remains to be done, such as weighing, measuring, &c. the goods do not pass; for the tenderee will not be able to identify the goods, or maintain an action of trover for them." (And vid. 3 John. Cas. 243. 7 John. Rep. 124. 5 John. Rep. 119.)

*Curia,* per SAVAGE, Ch. J. The Court below decided correctly. When a note is payable in ponderous articles, and no place is designated, the law does not seem to have perfectly settled the place. In *Slingerland* v. *Morse,* (8 John. Rep. 477,) this Court appear to adopt the doctrine of Ld. Coke, (Co. Litt. 210, *b.*) that in such case, the obligor must seek the obligee before the day, and know where he will appoint to receive them, and there they must be delivered; yet they hold that the obligor is not bound to deliver the articles at an unreasonable place.

In this case, the defendant below made no effort of that kind; nor did he separate the property he intended to tender in payment of the note. Suppose, the night after the note fell due, a fire had consumed all the lumber at the mill; must the payee have lost it to the extent of his de-

NEW YORK,
May, 1825.

mand? How could he know which part to preserve, had he been present at the fire?

The defendant below should, before the day of payment, have called on the plaintiff to know where the lumber should be delivered, and then have actually delivered it there, if the delivery at that place would have been reasonable, and within the probable contemplation of the parties, when the note was given; as at the plaintiff's house, in the same town, where he might wish to use the lumber; though the defendant ought not to be obliged to carry it to market for the plaintiff. But the defendant did not do enough, even if the lumber had been payable at his mill. He should have counted it out, having regard to the quality of the lumber specified in the contract.

Judgment affirmed.