## THAXTON v. EDWARDS.

To a note for the payment of specific articles, it is a good defence that the defendant was ready, able and willing to deliver them, and that the plaintiff did not make a demand.

JESSE EDWARDS brought an action of assumpsit in the Circuit Court of Montgomery county, to recover of the appellant on a note as follows:

"On or before the 25th December, 1825, I promise to pay Jesse Edwards, the just and full sum of four thousand pounds seed cotton, it being for value received of him, this 16th Octobor, 1823. JAMES THAXTON."

The defendant pleaded the general issue, and also a special plea, avering that when the cotton was due and payable, according to the tenor and effect of the note, he the defendant was ready, willing and able to pay it accord-

ing to its tenor and effect, at his residence in said county, and has been ever since, but that the plaintiff never came to demand and receive it, &c.   To this special plea the plaintiff demurred.   The demurrer was sustained.

On the trial, the plaintiff produced the note, and proved the value of the cotton when due.   The defendant prayed the Court to instruct the jury, that it was necessary for the plaintiff to make a demand at the residence of the defendant, or a demand of him; which the Court declined. The defendant excepted, and judgement was rendered for the plaintiff.

The errors assigned are, that the demurrer was sustained, and that the charge was erroneous.

GOLDTHWAITE, for the plaintiff in error, submitted the cause, and relied on the case of Lane against Kirkman, decided by this Court, [a] and referred to Chipman on Contracts.

[a] Minor's Ala. R 411.

BUGBEE, for the defendant.

### By the CHIEF JUSTICE.

THE validity of a plea of the kind of the one demurred to, came incidentally before the Court on a former occasion, and we believe the opinion then expressed is a sound exposition of the law; but as that case went off on another point, and as the question is now fairly presented, we have thought it best, for the purpose of putting the question entirely at rest, distinctly to state, that the plea overruled by the Court is a good plea in bar, and we expressly recognize the doctrine laid down in the Case of Lane against Kirkman, at a former term of this Court.   If the defendant is not able to prove the truth of the plea, it is no defence to the action that there had been no demand made by the plaintiff.   It is, however, the safer way for the demand to be made before commencement of suit; if there is a refusal, it will remove all danger of the defendant's defeating the action, by proving on the trial his readiness to perform.

Reversed and remanded.

JUDGE CRENSHAW not sitting.