### COBB v. REED.

In an action on a note for the payment of specific articles, where no place of payment is designated, it is not necessary to prove a demand of the articles. The defendant may plead his readiness to pay, in bar.

THIS was an appeal from a justice's Court, taken by certiorari into tbe County Court of Shelby county, and there tried. The action was by Cobb against Reed, on a note as follows:

" On or by the first day of April next, I promise to pay David Cobb, or bearer, two second rate young cows and calves, value received, 17th November, 1825.

"J. B. REED."

On the trial, the plaintiff read the note to the jury, and proved the value of the cows and calves to have been, when the note fell due, $24 or 25; and on this proof he rested the case. The Court, at the request of the defendant, instructed the jury that it was necessary to entitle the plaintiff to recover, that he should have proved a demand of the cows and calves, when the note became due, or before the commencement of the suit. To this the plaintiff excepted, and this instruction is now assigned by him for error.

PECK, for the plaintiff in error, submitted the case without argument.

MARDIS, for the defendant.

By JUDGE COLLIER. This Court, in *Lane v. Kirkman*, [a] though the point was not directly presented, held, that in contracts for the payment of specific articles, where no place of delivery is expressed, the residence of the debtor, by legal construction, is understood to be the place where payment should be made. And in *Thaxton v. Edwards*,[b] it is held, that if the defendant be prepared to deliver the articles expressed in the contract when due, he should plead it, and if proved, it would be an available defence to the plaintiff's action; and that it is no defence to say that there had been no demand by the plaintiff. Without further examining the question presented, upon the authority of the cases referred to, the judgmant must be reversed, and the cause remanded.