## M'RAE *vs.* RASER.

1. The omission to set forth in a declaration, the manner of payment prescribed in a contract, cannot be taken advantage of as a variance, if no question arises in the case, upon that part of the contract.

2. The terms "*for value received*," "or order," or even the insertion of a specific consideration, do not at all enter into the legal meaning or effect of a promissory note.

3. Thus—the omission to set out in a declaration, on a promissory note, (there being no attempt to set it out in *hæc verba,* the specific consideration; and that it might be discharged by other paper,—cannot be taken advantage of as a variance.

4. Such understanding is to be regarded as a stipulation for the benefit of the maker of the note; and cannot influence the payee's right to recover the amount of the note and interest, unless discharged by the substitution of other paper.

Error to the Circuit court of Marengo.

Assumpsit on a promissory note—tried before Judge *P. Martin.*

The defendant in error declared against the plaintiff in the Circuit court of Marengo, and described the promissory note on which the action was founded, as one by which he "promised to pay on or before the first day of January next after the date thereof, to the said plaintiff, the sum of two hundred and eighty dollars, for value received," (having previously set out its true date.) The case was submitted to the jury on the plea of *non-assumpsit;* when the defendant in error, to sustain the issue on his part, offered in evidence a promissory note of the following tenor:

M'Rae *vs*. Raser.

" On or before the first day of January, eighteen hundred and thirty-seven, I promise to pay Mr. Thomas Raser, two hundred and eighty dollars, it being the purchase money for four mares, at seventy dollars each; and it is understood between Mr. Thomas Raser and myself, that this obligation for $280, may be paid by any other paper due the 1st of January next, which I may think fit to endorse.    Arcola, 4th June, 1836.

(Signed,)                              "JOHN M'RAE."

To the admission of this note, the plaintiff in error objected, but his objection was overruled, and the note read to the jury as evidence; whereupon he excepted, &c.

*Stewart*, for plaintiff in error.
*Phelan*, contra.

COLLIER, C. J.—The only question raised here, is, whether the note is so described in the declaration, as to have authorised the court to admit it in evidence.

So much of the note as sets forth an understanding between the parties, that it might be discharged by the plaintiff, by the indorsement of other paper due at the same time, must be regarded as a stipulation for his benefit. He might avail himself of it or not, at his election, but it cannot influence the defendant's right to recover the amount of the note with interest; unless it has been discharged by the substitution of other paper, according to the terms of the contract—and this, if it was done, should have been shown at the trial.   In Guyon vs. Lewis, (7 Wend. R. 26,) it was decided that the omission to set forth in a declaration, the manner of payment prescribed

in a contract, cannot be taken advantage of as a variance, if no question arises in the case upon that part of the contract. Here, no question could regularly arise upon the part of the contract we are considering, unless it were at the instance of the plaintiff in error; for the defendant claims no benefit from it. The authority, then, we have cited, sustained as it is by the fitness of the thing, shows that there was no necessity to introduce and negative by the declaration, the last clause in the note—and its omisssion is, consequently, no variance.

There are two modes of declaring on a promissory note—the one by setting it out in *hæc verba*, the other, by stating it according to its *legal effect*. In the first, an omission or substitution of a word, which does not effect the substance of the contract, will be fatal—in the other, it is sufficient to describe the note substantially, taking care that the declaration does not charge a greater liability upon the defendant, than he has incurred by his contract,—observing, however, with accuracy, its date, time of payment, &c.—(1 Chitty's Pl. 334; 1 Sanders on Pl. & Ev. 117, *et post;* 1 Starkie's Ev. 1589; Cantley vs. Hopkins, 5 Stew. & Por. R. 58; Harrison vs. Weaver, 2 Por. R. 542; Rodman vs. Forman, 8 Johns. R. 26.) And under the influence of this distinction, it has been held, that it is no variance, to describe the assignment of a bond to be for *"value received,"* though the words are not found in the assignment itself; for these words, in a declaration, are only an averment of the plaintiff himself, that such was the consideration for which the assignment was *made,* and not an averment that the assignment was so written—(McWilliams vs. Smith, 1 Call's

M'Rae *vs.* Raser.

R. 123.) So, the words *"for value received,"* in setting forth a promissory note in a declaration, are words of description, and not an averment; and if the note produced in evidence want those words, it is no variance— (Saxton vs. Johnson, 10 Johns. R. 418; see also Field vs. Field, 9 Wend. R. 394; Porter vs. Talcott, 1 Cow. Rep. 359; M'Kinley vs. Rob, 20 Johns. R. 351; and 1 Saund. Pl. & Ev. 118, and cases there cited.)

Now, in the case at bar, it seems to us that it cannot be seriously urged, that the variance between the declaration and note, is such as should have induced its exclusion from the jury. The words *"for value received,"* was a statement, *in effect,* of the particular consideration expressed in the note; yet, such description, according to the decisions cited from Virginia and New York, is not equivalent to an averment, that the words are found in the note. It may be also remarked, that the terms *"for value received,"* "or order," nor even the insertion of a specific consideration, do not at all enter into the legal meaning or effect of a promissory note—(Aik. Dig. s. 137, p. 283; s. 6, 328.)

The result is, that the Circuit court was correct in its decision, and its judgment is affirmed.