## McMURRY v. THE STATE.

1. An indictment for perjury, alleging that, in a trial of a suit between P. and M. before a justice of the peace, it became a material question, "whether M. on the —— day of ——, 1840, was ready to deliver on demand, certain plank to P. according to the contract between them;" on which trial M. swore "that he had the plank always ready for P;" meaning thereby that he had the plank ready to be delivered to P., according to the contract, on the —— day of ——, 1840, when, in truth and in fact, M. did not, on the —— day of ——, 1840, have the plank ready to be delivered to P. in accordance with the contract between them, is bad.

2. When the contract is to deliver plank on demand, it is necessary to make a demand, to put the party in default; and in a suit for the non-delivery, the material question would be whether a demand was made; it is difficult to conceive of perjury, in its legal acceptation, committed on such a trial, unless the swearing is, that no such demand was made, when, in fact, the truth was otherwise.

3. In a trial for perjury alleged to have been committed in giving evidence in a cause before a justice of the peace, growing out of a written contract, it is necessary that the record or papers of the suit and the contract, should be produced or accounted for; the first is necessary to show the identity of the proceedings with those described in the indictment; and the other, to ascertain the legal effect of the contract, and consequently what questions of evidence were material or otherwise in that suit.

WRIT of error to the Circuit Court of Bibb county.

Indictment for perjury. The allegation of the indictment is,

that in a certain cause depending between one Martin Peters and the said Charles G. McMurry, the latter was introduced as a witness for himself, and it became a material question, "whether the said Charles G. McMurry, on the ―― day of ―― 1840, was ready to deliver on demand, to the said Martin Peters, certain plank, according to the contract between them," and the said Charles G. McMurry deposed and swore that he "had the plank always ready for the said Martin Peters; meaning and intending thereby that he had the plank ready to be delivered to the said Martin Peters, according to the contract on the ―― day of ――, A. D. 1840, when in truth and in fact, the said Charles G. McMurry did not, on the ―― day of ――, A. D. 1840, have the plank ready to be delivered to the said Martin Peters, in accordance with the contract aforesaid." The defendant was convicted and sentenced to the pillory and whipping. In the progress of the trial, a doubt arose in the mind of the presiding judge, from the examination of the justice before whom the trial, in which the perjury is said to have been committed, was had, as to whether the suit was upon a promissory note or other writing; and thereupon the defendant's counsel moved the court to exclude the evidence of the trial, unless the papers in the cause were produced: this was overruled by the court; but the witness was not permitted to speak of the contents of any paper, and was confined in his testimony to the oral proceedings had before the justice at the said trial. This question was reserved as novel and difficult. A writ of error was allowed at a former day of the court, and it is now assigned with other matters. 1. That the indictment is insufficient. 2. That the evidence admitted was irregular, without the production of the papers in the cause.

Peck, for the plaintiff in error, argued the case on behalf of T. Crawford—cited 1 Chitty's Crim. L. 171; People v. Lambert, 9 Cowen, on the first point, and Greenleaf's Ev. 99, on the second.

GOLDTHWAITE, J.—The averment of the indictment is, that it became a material question on the trial of this cause before the magistrate, whether the defendant on the ―― day of ――, 1840, was ready to deliver on demand certain plank, to one Peters, *according to the contract between them*. The italicised words do not affect the meaning of this averment, because the

contract is previously shown to have been to deliver the plank *on demand*, and if this term was controlled, or in any manner explained, by other parts of the contract, it should have been stated. This being the material question, it becomes necessary to inquire what is the legal effect of such a contract, and what are the obligations it imposes. The case of Thackston v. Edwards, [1 Stewart, 524,] settles, that where there is an agreement to deliver a ponderous article upon a *day certain*, that no demand is necessary to entitle the plaintiff to maintain his action, though it may be defeated by plea and proof that the defendant was ready on the day agreed upon, with the article, and that the plaintiff came not to receive it. The reason for this is, that the plaintiff is not required to do a useless act by making a demand which the defendant was not in readiness to comply with. But we apprehend the rule is different, when no time is fixed for the delivery of the article; then, in order to put the defendant in default, it is necessary to make a demand, and it may be found to be the law, that he should also appoint a reasonable day for the delivery; for it cannot be expected that one shall always have a ponderous article ready to be delivered, until some time is ascertained, either by the consent of the parties, or by notice from one to the other. With this view of the contract, out of which the material question is supposed to arise, let us ascertain what the defendant swore. The averment is, that he swore "he had the plank always ready for the said Martin Peters." Now, if the contract had been to deliver the plank upon a day certain, it is evident that this swearing would have made out a complete defence to the suit, according to the decision of Thackston v. Edwards; but inasmuch as the averment is, that the material question was, whether the defendant was ready to deliver it *on demand*, the evidence of the defendant was entirely *immaterial*, and therefore, not the subject matter of perjury, unless Peters had previously made proof of a demand. As the oath of the defendant was material or otherwise, according to the previous proof in the case, to make the indictment good, it should contain either an averment that such proof had previously been given, or the same effect should have been shown by an *inuendo*, that the defendant meant thereby, that he had the plank ready to deliver when the demand was made.

2. Indeed, if the contract was, as it is stated to be, the material

question would be, whether a demand was made by Peters, and it is difficult to conceive of perjury in its legal acceptation, committed in a trial of a suit between these parties, for the non-delivery, unless the defendant swore that no demand was made, when in fact the truth was otherwise.

It is evident that the indictment does not conform to our view of the legal effect of the contract, as stated, and therefore, we hold it bad.

3. We are not able to determine with certainty, whether the question reserved had reference to the proof of the proceedings before the magistrate, or to the writing by which the contract between the parties was evidenced; but whether it was the one or the other, the written evidence should have been produced, or its absence accounted for. The identity of the proceedings before the magistrate with those described in the indictment, could only be known by comparing his record or his papers, with the averments. The written contract, if there was one, was the only proper mode of ascertaining its legal effect, and consequently, of ascertaining what questions of evidence were material or otherwise, at the trial before the justice. It should, therefore, have been produced, or its absence accounted for.

As the prosecutor may wish to prefer another indictment, we shall remand the cause in order that the defendant may not be discharged without recognizance,

Judgment reversed and remanded.