## PLOWMAN & McLANE v. RIDDLE.

1. A promise to pay a sum of money, at a specified time, "which may be discharged in good leather," at a specified price, is a conditional contract, but becomes absolute, if the payee does not give notice of his intention to pay in leather.

2. One partner when sued jointly with another, has the right to plead separately: therefore, when one of the partners pleaded non-assumpsit, and the plaintiff replied, that he in connection with his partner did assume, &c., to which he rejoined, that he did not assume in manner, &c., as the plaintiff in his declaration, and in his replication had alledged, to which the plaintiff demurred, and the Court sustained the demurrer: *Held*, that this was in effect an issue upon the plea of non-assumpsit, and the demurrer improperly sustained.

Error to the County Court of Talladega.

Assumpsit by the defendant, against the plaintiffs in error. The plaintiff declared on a promissory note for three hundred dollars.

McLane appeared, and pleaded *non assumpsit*, failure of consideration, want of consideration, payment, set off, and a special plea, that by the note it was provided, that it might be discharged in good leather, one third in sole leather, at thirty cents per pound, one third in skirting and harness leather, at thirty-seven and a half cents per pound, and the other third in upper leather, priced in proportion to the sole and harness leather, and averred, that at the maturity of the note, he and the said Plowman were ready at their tan yard, and had a sufficient quantity of the kinds of leather mentioned in the note,

to have discharged it according to its terms; and have ever since had at their tan yard, a sufficient quantity of the kinds of leather mentioned in the note, to have discharged it according to its terms, and that he was, at the maturity of the note, and has ever since been, ready and willing to discharge the note according to its terms.

The plaintiff took issue upon the second, third, fourth and fifth pleas. To the first, he replied, that Plowman & McLane did assume, in manner and form as in the declaration is alledged, and this he is ready to verify.

To this replication, the defendant, McLane, rejoined, that he did not assume, in manner and form as the plaintiff in his declaration, and in his replication, had alledged, &c.

The plaintiff demurred to this rejoinder, and also to the sixth plea, which were both sustained by the Court.

Upon the trial upon the issues, the plaintiff read his note, as follows: "On or before the 25th December, 1843, we promise to pay Alexander Riddle, or bearer, the sum of three hundred dollars, which may be discharged in good leather, one-third in sole leather, at thirty cents per pound, one third in harness or skirting leather, at thirty-seven and a half cents per pound, and the other third in upper leather, price in proportion to the sole and harness leather—value rec'd, this 18th Feb'ry, 1842.

PLOWMAN & MCLANE."

The defendant proved a dissolution in the summer of 1843, and a notice of such dissolution to the plaintiff, and by a witness offered to prove all the facts alledged in the sixth plea, but on the plaintiff's motion, the Court excluded the testimony, and the defendant excepted. After the opening argument, and whilst the defendant's counsel was speaking, the Court permitted the plaintiff to take a judgment by default against Plowman, to which the defendant objected, and moved the Court for a discontinuance, which was overruled, and to which the defendant excepted.

These matters are separately assigned for error by both defendants.

RICE, for plaintiff in error, argued that the action was discontinued, and cited 1 B. & P. 411. That if the judgment had been taken by default, in proper time, Plowman would have

been a competent witness for his co-defendant.   [5 Ala. Rep. 694.]

By sustaining the demurrer to the defendant's rejoinder upon the first plea, the Court denied to McLane, the right to plead for himself separately.   [8th Porter, 523.]

The sixth plea should have been sustained.   The acts to be done by both parties were mutual, and neither can recover without averring a readiness and willingness to perform the contract on his part.   [1 Chitty P. 358; 1 Stew. 524; 2 Id. 444; 6 Ala. 324; 8 Term, 366; 1 Peters, 455.]

L. E. PARSONS, contra.

ORMOND, J.—The last plea sets up as defence to the action, a condition of the contract, that the sum of money for which it was made, " may be discharged in good leather; one third in sole leather, at thirty cents per pound, one third in harness or skirting leather, at thirty-seven and a half cents per pound, and the residue in upper leather priced in the same proportion," and averred a readiness and willingness to deliver the leather, at the maturity of the note.

In the case of McMurray v. The State, 6 Ala. Rep. 324, this Court considered, at some length, the law arising upon contracts to deliver ponderous articles, and it was held, that upon a contract to deliver plank upon a day certain, it would be a defence to the action, if the defendant was ready, and willing, to deliver at the time agreed upon in the contract. See also Thaxton v. Edwards, 1 Stewart, 524.

The defendant appears to have considered this contract, as in legal effect, a promise to deliver leather of the kinds specified, to the value of three hundred dollars, at a particular time ; but that is clearly not the contract of the parties, which is to pay three hundred dollars, at a particular time, with a condition superadded, giving them the privilege of discharging it in leather, at a specified price.   This is clearly for their benefit, and it was their duty, if they elected to deliver the leather in discharge of their contract, to give notice to the plaintiff of their readiness and willingness to do so.   Having omitted to do so, their contract to pay the money has become absolute, and they cannot, when sued for the money, defeat the action by

98

Plowman & McLane v. Riddle.

proving the existence of a fact, which was peculiarly within their own knowledge.

The injustice of this defence will be apparent, when it is considered that the defendants were under no obligation to deliver the leather, and if it had risen in price, doubtless would not have delivered it, but would have paid the money; being then a condition inserted for their benefit, it was necessary that they should have given notice of their election to pay in leather. [McRae v. Raser, 9 Porter, 122; Stewart v. Donnelly, 4 Yerger, 177; Church v. Feteran, 2 Penn. 301; Erwin v. Cook, 2 Dev. 183.] From this examination, it appears that the plea was bad, in not averring notice of an election to discharge the obligation in leather.

The defendant, McLane, had the undoubted right to plead separately, and having pleaded the general issue, the plaintiff replied to it, that he did promise and assume, in connection with Plowman, his then partner. To this the defendant rejoined, that he did not assume, &c., reiterating his first plea, to which there was a demurrer, which the Court sustained. In this the Court undoubtedly erred. He had the clear right to plead separately, as was held by this Court in Beal v. Snedicor, 8 Porter, 523. We do not indeed perceive that the rejoinder was necessary, inasmuch as the replication controverted the allegation of the plea, and added another immaterial fact, which, as it went to the form only of the pleading, might, under our statute abolishing general demurrers, be rejected as surplusage. The informal replication, however, superinduced the supposed necessity for the rejoinder, which was, in effect, merely taking issue on the replication, and by the decision of the Court upon the plaintiff's demurrer, the defendant was effectually cut off from the benefit of his plea. For this error the judgment must be reversed and the cause remanded.