## ARMSTRONG v. TAIT.

1. The defendant, by promise in writing, undertook to pay the plaintiff a definite sum of money on a certain day *in shucks;* shortly after the maturity of the note, the plaintiff demanded the shucks at the defendant's residence; the latter had about one load ready, which he offered to deliver, remarking to the plaintiff that he might haul them off, and the residue should be stripped from the corn as fast as he could take them away; it was shown that the defendant had more shucks on his corn than were sufficient to pay the note, and that the plaintiff insisted on having all delivered at one time, at a point designated by him, within a few few feet of the defendant's corn cribs, and within forty or fifty yards of houses containing a large quantity of cotton seed and fodder; upon being asked by the defendant why he wished the shucks delivered at that place, the plaintiff remarked, to burn, sell, or do whatever he thought proper with them: *Held,* that the readiness of the defendant to perform his contract, and the offer to deliver the shucks when ever the plaintiff would remove them, was a good defence to an action brought for a breach of the undertaking contained in the writing.

2. Where the Court having charged the jury, upon the law as applicable to the evidence adduced, at the request of the defendant's counsel, and upon an inquiry by the jury, remarked, that the plaintiff would not lose his right to recover in another action, though their verdict might be for the defendant; the remark of the Court, whether in conformity to law or not, furnishes no ground for the reversal of the judgment. It could not have misled the jury, and they doubtless sought the information merely to reconcile their consciences to the performance of an imperative legal duty.

Writ of Error to the County Court of Dallas.

THIS was an action of assumpsit at the suit of the plaintiff in error, upon a writing subscribed by the defendant, of the following tenor, viz: "$60 in shucks. On the first day of January next I promise to pay Thomas Armstrong, sixty dollars, to be paid in corn shucks, this 18th December, 1843." The declaration alledges a failure to deliver the shucks, upon a demand duly made, at the defendant's house, by the plaintiff: and to this the defendant pleaded a tender of shucks equal in value to the amount of the note declared on, at his (defendant's) residence in the county of Dallas, upon a demand there made by the plaintiff; but the lat-

ter refused to accept them : *further*, that the shucks are now there, ready for delivery, and have been ever since the tender, &c. This plea was adjudged good on demurrer, an issue joined thereupon, and the cause submitted to a jury, who returned a a verdict for the defendant, and judgment was rendered accordingly.

From a bill of exceptions, sealed at the instance of the plaintiff, it appears, that when the note became due, or a short time thereafter, he went to the defendant's residence, and demanded the shucks ; the defendant then had about one load ready for delivery, which he offered to the plaintiff, remarking that he could haul these off, and he (defendant) would have them stripped from the corn as fast as he could haul them. It was shown that the defendant had more shucks on his corn than was sufficient to pay the note. To this the plaintiff objected, and insisted on having all delivered at once, at a place designated by him, within ten or twelve feet of two cribs of corn, containing about two thousand bushels, and within forty yards of a barn containing cotton seed, and fifty yards of a stable, in which was packed thirty stacks of fodder. The defendant inquired of the plaintiff what he proposed to do with the shucks at that point, and was answered, burn, sell, or do whatever he thought proper with them. There was no other proof of a tender or readiness to deliver the shucks.

The Court charged the jury, that the facts above recited were sufficient to sustain the defendant's plea ; that it was immaterial whether the defendant kept on hand and was ready to deliver up to the time this suit was commenced, the same shucks which he had tendered ; that if he had on hand other shucks of equal value with the note, that was enough, whether they were stripped off the corn or not. *Further*, if, when the plaintiff demanded the shucks, the defendant had one load ready, told the plaintiff to take them away, and the remainder should be in readiness for him as fast as he could haul them, this was sufficient to sustain the plea of tender, that it was not necessary that all the shucks should have been ready for delivery at the same time, when the demand was made , provided he had enough to pay the note, on his corn.

The Court also charged the jury, at the request of the defendant's counsel, and upon an inquiry by the jury, that the plaintiff would not lose his right to recover the shucks, though the verdict might be for the defendant. Other charges were given and re-

Armstrong v. Tait.

fused, but they present nothing more than the legal questions raised upon the instructions above stated.

C. G. Edwards, for the plaintiff in error, made the following points : 1. There was no tender; to make it complete, the shucks should have been in a deliverable state. [2 Saund. on Plead. & Ev. 840 ; 6 Taunt. Rep. 336 ; 2 Stark. Ev. 780.] 2. The vendee is not bound to accept a part, and take the vendor's promise to deliver the remainder. 3. The shucks were not ready to be delivered until they were actually stripped from the corn. [6 Taunt. Rep. *supra;* 7 Greenl. Rep. 91 ; 6 Pick. Rep. 356.] 4. The remark of the Court to the jury, that if the plaintiff failed in the action, he could recover the shucks in another suit, was incorrect, and calculated to mislead them.

G. W. Gayle, for the defendant. If the plaintiff had not called upon the defendant and made a demand, it may have been necessary for the latter to have informed him of his readiness to deliver ; but be this as it may, the defendant need not have proved his readiness at all times. [1 Stew. Rep. 272.] 2. A delivery at the defendant's house would have been a compliance with the contract. [1 Wash. Rep. 326 ; Minor's Rep. 412.] 3. The offer to have the shucks stripped from the corn and deliver them as fast as they could be hauled off, was a sufficient compliance with the contract. [7 Porter's Rep. 420.] 4. A tender of specific articles need not be pleaded with a *profert in curiam.* [1 Johns. Rep. 65.]

5. The refusal to deliver all the shucks at a point near the defendant's corn cribs, cannot in any manner affect the tender; such a requisition was unreasonable, could not benefit the plaintiff, and might put the defendant to great inconvenience, and subject him to the danger of loss from fire.

COLLIER, C. J.—Upon a mere inspection of the writing declared on, we should not have supposed it to evidence a promise seriously made, and intended to be enforced, by the delivery of the specific article undertaken to be paid. But the contract, as presented on the record is certainly legal, and the earnestness with which the matter was litigated below, very conclusively shows that the controversy is real.

The question to be considered is, whether the facts proved show a tender, or such a readiness to perform on the part of the defendant, as to furnish an answer · to the action. It must be conceded, that the decisions do not entirely agree upon the point as to the manner in which a contract to pay in specific articles may be discharged, or the performance excused, where a payment is not made in fact. In some of the cases, it has been held, that in order to make a good tender, the articles must be set apart and designated, so as to enable the creditor to distinguish them from others of the same kind, and that the property so tendered vests in the creditor, and is at his risk. [Smith v. Loomis, 7 Conn. Rep. 110 ; Wilt, et al. v. Ogden, 13 Johns. Rep. 56 ; Barnes v. Graham, 4 Cow. Rep. 452 ; See also, Robinson v. Batchelder, 4 New. Hamp. Rep. 40.]

In Lane v. Kirkman, [Minor's Rep. 411,] it was said, " that in contracts for the payment of specific articles, where no place of delivery is mentioned, the residence of the debtor, by legal construction, is understood to be the place." And in Thaxton v. Edwards, [1 Stew. Rep. 524,] it was held, that it was a good defence to a note for the payment of specific articles, that the defendant was ready, able and willing to deliver them at the appointed time, and that the plaintiff did not make a demand. In Garrard v. Zachariah, [1 Stew. Rep. 272] after the maturity of a debt, it was agreed that the debtor should buy and deliver to the payee specific articles in satisfaction ; accordingly, the articles were purchased, but the payee refused to receive them : held, that it was not necessary to aver that the defendant still had them ready to deliver ; that " The rules which apply to a tender of money ought not to govern a tender of specific articles. Money can be kept without expense, and with little comparative risk." Further, that the party who undertakes to pay a debt in such property, if he has it ready on the day, he is not bound to keep it for an indefinite time ready to deliver to the payee on demand, nor is it necessary that he should abandon it in order to be discharged from a performance. But the Court said it may be, that if the debtor converts the property to his own use he would be liable in an action of trover. Cobb v. Reed, 2 Stew. Rep. 444, cites and recognizes the cases of Lane v. Kirkman, and Thaxton v. Edwards—supra.

Armstrong v. Tait.

Where a party undertook to deliver plank *on demand*, we held, that to subject him to an action he must be put in default by making a demand ; " for it cannot be expected that one shall always have a ponderous article ready to be delivered, until some time is ascertained, either by the consent of the parties, or by notice given." [McMurray v. The State, 6 Ala. Rep. 324.]

In Young v. Foster, 7 Porter's Rep. 420, the defendant sold to the plaintiff seven hundred bushels of corn, which he undertook to deliver in the plaintiff's boat at an appointed time, or sooner if he desired it. The defendant, upon the demand being made, refused to deliver a part, because the boat could not carry all the corn at one time. But we held, that if the quantity of corn was too large to be received at one time, according to the ordinary mode of transportation, the law of the contract is, that a refusal to deliver any part of it, because all could not be taken in the boat, was not justifiable. That in " a contract for the purchase and delivery of such a ponderous article as corn, the parties must be presumed to have contracted in reference to the necessity of the case, and to the habits and means of transportation common in the country ;" and the law in this respect, is the same, whether the delivery was to be made on a day certain, or on demand.

The cases cited from the decisions of this Court, under its present and earlier organization, furnish principles for the adjudication of that now before us. As to the place of the demand, that is conceded to be the residence of the debtor, but it is insisted that the tender made was not sufficient to prevent the promise to pay in specific articles, from becoming an absolute engagement to pay the amount in money.

If the plaintiff was not bound to remove all the shucks at the same time, he could not insist upon their delivery sooner than he was able to remove them. No reasonable purpose would have been subserved by the defendant's delivering all at once, and at the point designated by the plaintiff; whilst it might have been exceedingly inconvenient for the defendant, and hazardous to the safety of his property, by depositing such a large amount of combustible material in a situation so much exposed. Nor was it necessary that a sufficiency of the shucks, to discharge the debt, should have been stripped from the corn to make the defendant's

readiness or tender complete. They were, while on the corn, in a situation quite as favorable to their preservation as any other, and it was entirely permissible for them to be kept there until the plaintiff was prepared to haul them off.

True, the defendant might have offered to deliver all at the same time, and abandoned them to the plaintiff, and if they had been lost or destroyed without the special interference of the defendant, he would have been absolved from his contract. Yet the defendant was not bound thus to set apart and abandon the article to the plaintiff; it was enough (as we have seen) that he was ready and actually offered to perform.

One of the cases cited, shows, that having been ready and willing to deliver, the shucks at the time appointed, the defendant was not obliged to retain the same article ; for that might be exceedingly inconvenient, and impose a burden beyond all benefit derivable from the contract.

The remark of the Court to the jury, that if the plaintiff failed in the present suit, that he might recover the article in another action, whether true or not, could not have misled the jury, or have induced them to do any thing more than duty required. The jury, doubtless, felt constrained by the evidence, to return a verdict for the defendant, and to reconcile them to the performance of a duty which seemed to have been hard upon the plaintiff, they made the inquiry of the Court. The instruction upon this point was expressed in such terms that it could not be inferred that the Court laid any particular stress on it, or that the right of the plaintiff to recover in a future action should incline them to find for the defendant.

Our conclusion is, that the judgment of the County Court must be affirmed.