## SCHUESSLER *vs.* WATSON'S ADM'R.

[ACTION ON PROMISSORY NOTE, BY PAYEE AGINST MAKER.]

1. *Construction of note payable in cash or work.*—A note, dated and executed at Panama, and payable one day after date, in work or cash, after the maker's arrival in San Francisco, does not show, on its face, that California was the place of performance agreed on by the parties: the alternative stipulation being for the benefit of the maker, it was his duty, on his arrival in California, within a reasonable time after the execution of the note, to offer to pay in work, if he desired to do so; and on his failure to make such offer, if he had an opportunity, either in California or elsewhere, he became liable to pay in money, although the payee was absent from California when he arrived, and did not return during his residence there.

APPEAL from the Circuit Court of Pike.
Tried before the Hon. S. D. HALE.

THIS action was brought by Lewis Schuessler, against the administrator of Thomas Watson, deceased, and was founded on a promissory note, of which the following is a copy :

"PANAMA, March 16, 1850.

" One day after date, I promise to pay to Lewis Schuessler one hundred and fifty dollars, in work or cash, after my arrival in San Francisco.                    his

THOMAS X WATSON."

" Witness : W. C. Houghton."              mark.

The defendant pleaded *non est factum*, and a special plea in these words : "Defendant avers, that plaintiff went from

Panama, (which is on the isthmus of Darien,) where said obligation was executed, immediately to San Francisco, in California, where he arrived about forty days after the execution of said obligation; that defendant's intestate also went immediately from Panama to San Francisco, where he arrived about two months after the execution of said obligation, and was then and there ready and willing to perform the service stipulated for in said obligation, having elected so to discharge said obligation; that plaintiff was not there to receive or demand the service, (having left San Francisco, and returned to Alabama, many days before the said arrival of defendant's intestate in San Francisco,) and refused to allow defendant's intestate to discharge his said obligation as he had elected as aforesaid; that said intestate remained in California for a long time, to-wit, for the term of four or five years after his said arrival, and was there always ready to perform the said service, which, he avers, was intended by said obligation to be performed in California; but plaintiff continually absented himself from California, and never gave said intestate an opportunity to perform said service, which he was ever willing and ready to render, in California aforesaid. And defendant further avers, that his intestate returned, after said four or five years, to Pike county, Alabama, (whence he had gone to California,) and there remained until the day of his death, in the month of August, 1857; and though he was ever ready and willing to perform said service, not only in California, but any where else, the plaintiff always refused to allow him to perform said service, because he did not give him the opportunity to do so, up to the day of his death." Issue was joined on both these pleas.

On the trial, as the bill of exceptions states, the plaintiff introduced W. C. Houghton as a witness, "who testified, that he wrote said obligation, at plaintiff's request, at Panama, on the isthmus of Darien, on the day of its date, and signed Watson's name thereto at his own request, (he making his mark thereon as appears on the paper,) and subscribed his own name thereto as a witness; that the

consideration of said note was money loaned by plaintiff to said Watson, to pay his passage from Panama to San Francisco, California, to which place they and witness were then going; that plaintiff started on his way to San Francisco immediately after the execution of said obligation, and arrived there about forty days afterwards; that when said Watson arrived in San Francisco, plaintiff had returned to Alabama two weeks before, leaving said obligation in the hands of an agent in San Francisco; that plaintiff had resided in Chambers county since his return to Alabama; and that said Watson, after his said arrival in San Francisco, remained continuously in California for three or four years, and then returned to Pike county, Alabama, whence he had started." The defendant then adduced some evidence tending to support his plea of *non est factum*; and proved, that the distance from Panama to San Francisco is between twenty-five hundred and three thousand miles, and that forty-five days was the usual length of the trip between the two places.

"The foregoing being all the evidence introduced, the court charged the jury, that the defendant's intestate had the right to elect, whether he would discharge the said obligation in work or in cash; and that if he arrived in San Francisco within a reasonable time after the execution of said obligation, and was there ready to discharge said obligation in work, (having elected so to discharge it,) and the plaintiff gave him no opportunity to discharge it in that way, having absented himself from California before said intestate arrived there, and having continuously absented himself during the whole stay of said intestate in California, for the period of three or four years, then, unless the evidence also satisfied them that plaintiff left said obligation in the hands of an agent there, who was known by said intestate to be authorized to receive satisfaction of said obligation, they must find for the defendant. Further, that the defendant's intestate, to preserve his right to elect whether he would discharge his obligation in work or cash, must have arrived in San Francisco within a reasonable time

after the execution of said note ; and that if he failed to arrive there within such reasonable time; (and if he executed said obligation,) then the plaintiff would be entitled to recover."

The plaintiff excepted to the first of these charges, and asked the court to instruct the jury, "that if the intestate executed said obligation, and had an opportunity, after his arrival in California, to discharge said obligation in work or cash, either in California or elsewhere, and did not offer to do so, then they must find for the plaintiff." The court refused this charge, and the plaintiff excepted.

The charge given by the court, and the refusal of the charge asked, are now assigned as error.

C. L. CUNNINGHAM, for appellant.

R. W. WALKER, J.—The circuit judge seems to have been of opinion, that by the terms of the note, California was agreed on as the place of performance, and that the payee could not demand payment elsewhere. That this was an erroneous construction of the writing, we think is manifest. It may be that the plaintiff could not have demanded payment until the arrival of Watson in San Francisco, if that took place in a reasonable time after the execution of the instrument. On the happening of that event, the promisor became liable to pay, in cash or work, at his option. The alternative stipulation was for his benefit ; and, as there is nothing on the face of the instrument, or in the facts disclosed by the bill of exceptions, which takes the case out of the general rule, that a party bound to render a service, or make a payment, at or after a given time, must seek the person to whom the debt or service is due, it was the duty of the promisor, if he desired to pay in work, to offer to do so.—*Plowman v. Riddle*, 7 Ala. 775 ; *Nesbitt v. Pearson*, 33 Ala. 673.

The fact that the plaintiff was absent from California, when the defendant's intestate arrived in San Francisco, and throughout the latter's residence in that city, did not,

*of itself*, operate a discharge of the undertaking, whatever effect (if any) it may have had in keeping alive Watson's privilege to elect as to the mode of payment. It follows, that if, at any time after his arrival in San Francisco, the defendant's intestate had the opportunity, either in California or elsewhere, to discharge the undertaking in work, and did not offer to do so, then his promise became an absolute promise to pay in money.

Judgment reversed, and cause remanded.